FILED
2017 Nov-06 PM 02:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| TREY LAPATRICK JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 7:16-cv-8162-LSC |
| | ) | (7:16-cr-000001-LSC-TMP-1) |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION AND ORDER**

Petitioner Trey Lapatrick Jones ("Jones") filed with the Clerk of this Court a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. 1.) The Government opposes the motion. (Doc. 7.) For the following reasons, the motion is due to be denied and dismissed in part and reserved for an evidentiary hearing in part.

**I.  Background**

On July 30, 2015, the Government indicted Jones on one count of possessing a firearm after he had previously been convicted of a felony offense, in violation of 18 U.S.C. § 922(g). *See* Doc. 1 in *United States v. Jones*, 7:15-cr-00248-LSC-TMP-1. The Office of the Federal Public Defender was appointed to represent him at

1

that time. Jones was released on bond. Jones had previously been convicted of three counts of unlawful distribution of a controlled substance in the Circuit Court of Tuscaloosa County, Alabama. Because the three offenses occurred on three separate occasions, and the convictions are considered "serious drug offenses," Jones likely would have been subject to the penalty enhancements under 18 U.S.C. § 924(e), commonly referred to as the Armed Career Criminal Act, if he had been convicted on the indictment. That enhancement penalty would have subjected Jones to a 15-year mandatory minimum term of imprisonment. Trial was set in that case for January 4, 2016.

In the weeks leading up to trial, the Government offered Jones an opportunity to plead guilty to a one-count information to violating 18 U.S.C. § 922(j), which criminalizes knowing possession of a stolen firearm. Such a plea had the potential to benefit Jones because a conviction under 18 U.S.C. § 922(j) did not carry with it the potential for the 15-year mandatory minimum sentencing enhancement. According to Jones' appointed trial counsel, Assistant Federal Public Defender Glennon Threatt, Jones originally refused the Government's offer. *See* Glennon Threatt Affidavit, Doc. 7-1.[1] The night before trial, however,

---

[1] The Government submitted Mr. Threatt's affidavit in support of its response in opposition to Jones' § 2255 motion. This Court previously ruled that Jones waived the attorney-client privilege on the matters referenced in his § 2255 motion by claiming in the motion that Mr.

Jones apparently changed his mind and agreed to accept the Government's offer. *See id.*

The next day, on January 4, 2016, the Government filed an information charging Jones with possessing a stolen firearm in violation of 18 U.S.C. 922(j); Jones signed a plea agreement; and Jones entered a plea of guilty in open court. *See* Docs. 1 (Information), 2 (Plea Agreement), and 22 (Transcript of Plea Proceeding) in *United States v. Jones*, 7:16-cr-00001-LSC-TMP-1. At that time, this Court advised Jones of the rights he was waiving pursuant to the guilty plea and the consequences of waiving those rights. The plea agreement contained a factual basis in which Jones admitted that: (1) on the night of June 9, 2013, he was driving a car with a broken taillight when Tuscaloosa Police Department officers pulled him over; (2) when the officers approached the vehicle he was driving, they saw a .45 caliber, semi-automatic pistol on the floor of the driver's seat, behind Jones; (3) the gun had been stolen from the home Jones' brother shared with his then-fiancé; (4) the gun belonged to the fiancé's brother, who had reported it stolen; and (5) Jones had pled guilty to possessing the firearm in a car without a permit in Tuscaloosa Municipal Court. The plea agreement also contained an appeal waiver with exceptions for claims of ineffective assistance of counsel, claims of any sentence

---

Threatt's performance was ineffective. *See* Doc. 6; *see also Mincey v. Head*, 206 F.3d 1106, 1119 n.13 (11th Cir. 2000).

imposed in excess of the applicable statutory maximum sentence, and claims of any sentence imposed in excess of the advisory guideline sentencing range.

This Court sentenced Jones on April 25, 2016, to a term of imprisonment of 46 months followed by a term of supervised release of 36 months. The indictment in case number 7:15-cr-00248-LSC-TMP-1 was dismissed at sentencing as agreed under the terms of the plea agreement. Judgment was entered on April 26, 2016.

Jones, through his appointed trial counsel, filed a timely Notice of Appeal of his conviction and sentence with the Eleventh Circuit Court of Appeals. Thereafter, two additional attorneys, Assistant Federal Public Defenders Allison Case and Sabra Barnett, appeared on behalf of Jones, presumably to represent him on direct appeal. However, roughly two weeks later, Jones, through the Federal Public Defender's Office, moved to voluntarily dismiss his appeal pursuant to Federal Rule of Appellate Procedure 42. The Eleventh Circuit granted that request dismissed Jones' appeal on June 1, 2016.

Jones filed the instant § 2255 motion, *pro se*, on December 5, 2016.

## II. Discussion

Section 2255 permits a federal prisoner to bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Once a petitioner files a § 2255 motion, "[u]nless the motion and the

files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." *Id.* § 2255(b). A petitioner is entitled to an evidentiary hearing if he "alleges facts that, if true, would entitle him to relief." *Aron v. United States*, 291 F.3d 708, 715 n.6 (11th Cir. 2002). "[A] petitioner need only allege—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Id.* at 715 n.6. However, this Court need not hold a hearing if the allegations are "patently frivolous," "based upon unsupported generalizations," or "affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989); *see, e.g., Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004) ("Because the . . . affidavits submitted by Lynn amount to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied Lynn's § 2255 motion.").

Jones asserts several grounds for relief. First, he claims that this Court committed plain error by accepting his guilty plea in violation of Rule 11 of the Federal Rules of Criminal Procedure because his guilty plea was not supported by a sufficient factual basis. Second, he claims that he received constitutionally ineffective assistance of counsel because his trial counsel coerced him into pleading

guilty against his will. Additionally, although he does not state it as an official third "claim," he asserts several times throughout his motion that his appointed direct appeal counsel withdrew his appeal without his knowledge or authorization.

### A. Jones' claim that this Court plainly erred in accepting his guilty plea because it did not contain a sufficient factual basis

The entirety of Jones' first claim for relief is as follows:

> The District Court committed PLAIN ERROR by accepting a guilty plea in direct contravention of Rule 11. . . . The District Court made a finding of guilt in contravention of the PHYSICAL EVIDENCE and available WITNESS TESTIMONY. The Court commits PLAIN EROR by departing from Court Rule that requires the District Court to determine that a "FACTUAL BASIS EXISTS." This Court accepts a guilty plea for the sole purpose of bolstering the Judicial District's budget quota, this is PLAINLY SEEN where the Petitioner enters the agreement before he is even charged.

(Doc. 1 at 4 (emphases in original)).

Notwithstanding the fact that this claim would arguably be barred by the appeal waiver in Jones' plea agreement, this claim is also frivolous on its face. The factual basis in the plea agreement plainly provided a sufficient basis to support Jones' guilty plea to possession of a stolen firearm. Jones tries now to claim that the Court's decision to accept the plea was in contravention of the physical evidence and witness testimony, but the Court heard no testimony and saw no physical evidence other than the agreed-upon stipulated facts in the plea agreement that Jones signed and orally stipulated to in open court. The Court explicitly warned

Jones of the consequences of entering his plea and gave him an opportunity to proceed to trial. *See* Doc. 22 (Transcript of Plea Proceeding) in *United States v. Jones*, 7:16-cr-00001-LSC-TMP-1. Jones elected to plead guilty and admitted to the factual basis contained in the plea agreement. *See id.* "There is a strong presumption that statements made [by the defendant] during the colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). An evidentiary hearing is not warranted on this claim because Jones' allegation is "based upon unsupported generalizations" and "affirmatively contradicted by the record." *Holmes*, 876 F.2d at 1553.

> **B. Jones' claim that he received constitutionally ineffective assistance of counsel because trial counsel coerced him into pleading guilty**

Jones makes serious accusations against his trial counsel and other attorneys working in the Federal Public Defenders Office. He claims that his trial counsel "coerced [him] to plea[d] guilty in an effort to assist the Government to perpetuate FRAUD;" that his trial counsel "commits a CRIME against the people of the Northern District of Alabama by assisting the Government to incarcerate INNOCENT PEOPLE in an effort to bolster the Northern District of Alabama's

7

judicial budget;" and that his trial counsel and other defense attorneys routinely commit fraud and obstruct justice in other cases. *See* Doc. 1 at 7-8 (emphases in original).

Jones waived certain rights when he entered into his guilty plea, but he did not waive the right to raise a claim of ineffective assistance of counsel on appeal or on collateral attack. Moreover, claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

The Sixth Amendment guarantees the right to effective assistance of counsel in all criminal prosecutions. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003). The standard applicable to claims of ineffective assistance of counsel in post-conviction motions is well-established: relief will not be granted unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). More specifically, the movant must show that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88. The court need not "address both components of the inquiry if the defendant makes an insufficient

showing on one." *Id.* at 697. In determining whether an attorney's performance fell below the objective standard of reasonableness, the court is highly deferential to counsel's decisions and must keep in mind that "a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged performance, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. The court must also indulge a strong presumption that counsel's performance falls within the "wide range of reasonable professional assistance." *Id.* When seeking to overcome this presumption, a movant cannot rely on bare accusations and complaints, but instead "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.

*Strickland*'s two part standard is applicable to ineffective-assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). With regard to the prejudice prong in the context of a guilty plea, the defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

Jones' claim that his plea was not knowing and voluntary because his trial counsel coerced him into pleading guilty is wholly contradicted by his own statements in the record. Jones swore in court that he had not been threatened or

coerced by anyone, that he was satisfied with his attorney's performance, and that he knew and understood that he had the right to plead not guilty and proceed to trial. *See* Doc. 22 (Transcript of Plea Proceeding) in *United States v. Jones*, 7:16-cr-00001-LSC-TMP-1; *see also Medlock*, 12 F.3d at 187 (strong presumption that statements made by a defendant during a plea colloquy are true); *Rogers*, 848 F.2d at 168 (a defendant faces a heavy burden to prove the statements he made under oath at a plea colloquy were false). Jones' trial counsel has also denied under penalty of perjury any forms of threat or coercion and has set forth the efforts he made to help Jones avoid the likelihood of a 15-year mandatory minimum sentence by pleading guilty to the possession of s stolen firearm count. *See* Doc. 7-1.

In support of this claim, Jones attaches to his § 2255 motion two affidavits, one from an individual named Antonio Jones and one from an individual named Tanisha Todd. *See* doc. 1 at 13-15. Antonio Jones states in his affidavit that he told Mr. Threatt that the gun in the car was "his responsibility" and that Trey Lapatrick Jones was not aware that the gun was in the car. *See id.* at 15. Tanisha Todd states that she was present when Mr. Threatt "threatened that Trey Jones would be sentenced to 15 years if he didn't plea[d] guilty" and that Antonio Jones told Mr. Threatt that he placed the gun in the car and that Trey Lapatrick Jones had no knowledge of its presence in the car. *See id.* at 13. These affidavits do not

serve to explain why Jones' sworn testimony in court during his plea proceeding that no one had influenced or coerced him into pleading guilty should now been deemed false. Plea bargaining retains its benefits of certainty and efficiency "only if dispositions by guilty plea are accorded a great measure of finality." *Blackledge v. Allison*, 431 U.S. 63, 71 (1977). "[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Id.* at 73–74 (explaining that if the record reflects the procedures of plea negotiation and includes a verbatim transcript of the plea colloquy, a petitioner challenging his plea will be entitled to an evidentiary hearing "only in the most extraordinary circumstances"). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74.

In sum, Jones' allegation of ineffective assistance of counsel is without merit because he has not alleged facts that demonstrate deficient performance by counsel, nor has he demonstrated sufficient prejudice as to his claim. An evidentiary hearing is not warranted because Jones' allegation is "based upon unsupported generalizations" and is "affirmatively contradicted by the record." *Holmes*, 876 F.2d at 1553.

### C. Jones' claim that his direct appeal counsel withdrew his appeal without his knowledge or authorization

While not laid out as a separate claim for relief, Jones references this allegation several times throughout his § 2255 motion. *See* Doc. 1 at 2 ("Defense Counsel withdrew appeal without client's authorization"); 5-6 ("Upon being found guilty, the Petitioner gave Notice of Appeal. Appealable issues included impropriety of the Federal Public Defender's Office. While the Petitioner was in transit, the Federal Public Defender's Office appointed Counsel to the Petitioner's case. Appointed Appellate Counsel then <u>FORGED</u> a VOLUNTARY WITHDRAW OF APPEAL."); 8 ("Kevin Butler and Sabra Barnett engage in activities that are CLEARLY inconsistent with the Constitution's Effective Assistance Guarantee, by FALSIFYING an Appeal Withdraw in the name of the Petitioner when he was in transit and without the Petitioner's knowledge and/or authorization.") (emphases in original).

The Government has declined to address the merits of this allegation. *See* Doc. 7 at 5 n.1 ("Such wild accusations . . . are baseless, unsubstantiated, and unworthy of further comment or response by the government."). Nor has the

Government offered an affidavit from the attorney who moved to withdraw the appeal, if he or she was an attorney other than Mr. Threatt.[2]

Nonetheless, the appellate record indeed shows that the Office of the Federal Public Defender moved to withdraw Jones' appeal thirteen days after it was noticed. The motion to dismiss the appeal, which was not opposed by the Government, states that Jones "informed counsel that he desires to voluntarily dismiss this appeal." Jones now asserts that this is not true and that he would have raised on appeal the "impropriety of the Federal Public Defender's Office," among other claims. *See* Doc. 1 at 5.

A criminal defense lawyer is not under a *per se* constitutional obligation to consult with his or her client about an appeal. *Otero v. United States*, 499 F.3d 1267, 1270 (11th Cir. 2007). The Supreme Court has rejected such a bright-line rule as "inconsistent with *Strickland*'s holding that the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). Rather than adopt an inflexible rule, the Court has found that there is only a "constitutionally imposed duty to consult with the defendant about an appeal when there is a reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-

---

[2] The motion to withdraw the appeal is signed by only Kevin Butler, the Federal Public Defender for the Northern District of Alabama.

frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. In determining whether there was a duty to consult, courts should consider (1) whether the conviction follows a guilty plea, (2) whether the defendant received the sentence he or she bargained for, and (3) whether the plea agreement expressly waived some or all appeal rights. *Id*.

However, the Eleventh Circuit has also held "that a lawyer who disregards instructions from his client to appeal has acted 'in a manner that is professionally unreasonable.'" *Gomez-Diaz v. United States*, 433 F.3d 788, 789 (11th Cir. 2005) (quoting *Flores-Ortega*, 528 U.S. at 477). In that situation, the petitioner does not have to establish prejudice beyond showing that but for counsel's deficient conduct, he would have appealed. *Id*. at 792-93; *Flores-Ortega*, 528 U.S. at 486, ("[I]t is unfair to require an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit . . . . Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed."). Further, the appeal waiver does not establish an absence of prejudice for ineffective assistance purposes. *See Gomez-Diaz*, 433 F.3d at 793 (favorably citing *United States v. Garrett*, 402 F.3d 1262, 1266-67 (10th Cir. 2005) (holding that although the defendant's "appellate rights have been significantly limited by

14

his waiver, . . . the waiver does not foreclose all appellate review of his sentence. If [the defendant] actually asked counsel to perfect an appeal, and counsel ignored the request, he will be entitled to a delayed appeal. This is true regardless of whether, from the limited perspective of collateral review, it appears that the appeal will not have any merit.")).

On the other hand, guilty pleas tend to indicate that the defendant is "interested in seeking an end to the judicial proceedings." *Otero*, 499 F.3d at 1270. In *Otero*, the defendant pled guilty via a plea agreement that included a broad appeal waiver. 499 F.3d at 1270. The defendant then filed a *pro se* motion pursuant to 28 U.S.C. § 2255 alleging his counsel was ineffective for failing to file a notice of appeal after the defendant insisted he do so. *Id*. at 1269. Defense counsel denied the defendant's assertions. *Id*. The court held an evidentiary hearing and found defense counsel's testimony to be credible and the defendant's testimony not to be credible. *Id*. The court assumed, however, for the purposes of argument that defense counsel failed to consult with the defendant about an appeal. *Id*. at 1270. The court found such a failure not to be ineffective because the defendant's conviction was the result of a guilty plea; the sentence he received was within the range of what his lawyer had advised him was possible; his plea agreement included an appeal waiver with limited exceptions; he had no argument that any of the

exceptions applied which meant that any appeal taken by him would have been frivolous and would have been an appeal no rational defendant would have taken. *Id*. at 1270-71.

The instant case is factually analogous to *Otero*. Here, Jones pled guilty pursuant to a plea agreement with a broad appeal waiver. More so than in *Otero*, where the defendant had no plausible arguments that any of the exceptions to the appeal waiver applied, Jones asserts that he would have raised on appeal the "impropriety of the Federal Public Defenders Office," which, construed liberally, could equate to an ineffective assistance of counsel claim, which was one of the exceptions to the appeal waiver in Jones' plea agreement. Thus, the Court cannot say that any appeal Jones may have pursued would have been frivolous, like in *Otero*. Additionally, like the defendant in *Otero*, Jones received a sentence that was within the range of what his lawyer would have advised him was possible. The only issue is whether Jones reasonably demonstrated to his counsel that he wanted to withdraw the appeal. Because Jones says that he did not authorize his direct appeal counsel to withdraw his appeal, this claim cannot be resolved on the existing record. The Court will hold a limited evidentiary hearing for the purpose of determining whether Jones authorized his direct appeal counsel to withdraw his appeal.

### III. Conclusion

For the foregoing reasons, Jones' § 2255 motion is hereby **DENIED** insofar as it relates to his claims that (1) this Court violated Rule 11 in accepting his guilty plea because his guilty plea did not contain a sufficient factual basis and (2) his trial counsel was ineffective by coercing him into pleading guilty. Jones' claim of ineffective assistance of counsel as it relates to his direct appeal is hereby **RESERVED** for an evidentiary hearing, date, time and place to be set by separate order. The Clerk is directed to mail a copy of the foregoing to Jones.

**DONE** AND **ORDERED** ON NOVEMBER 6, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704